IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CT-03021-M-RJ

| | |
|---|---|
| BOBBY McKINLEY CANADY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| DAVID BATEHOLTS, et al., ) | |
| ) | |
| Defendants. ) | |

This cause is before the court on defendant Mitchell's motion to dismiss, Mot. [D.E. 17], and on defendant Bateholts' motion to deem requests for admission admitted, Mot. [D.E. 26]. For the reasons discussed below, the court grants Mitchell's motion and denies Bateholts' motion.

Relevant Procedural History:

On January 19, 2023, Bobby McKinley Canady ("plaintiff"), a state inmate proceeding without prepayment of fees, filed pro se a complaint under 42 U.S.C. § 1983. See [D.E. 1, 2, 7].

Plaintiff generally alleges violations of his Eighth Amendment rights at Neuse C.I. circa June 4, 2020, and names as defendants Correctional Officers Bateholts and Mitchell. See Compl. [D.E. 1] at 3, 5. Plaintiff specifically alleges, *inter alia*: Bateholts, without probable cause, accused him of entering B-1 to "get high"; "As Bateholts' tone is disrespectful and argumentative, [plaintiff] walks in the direction of the Sergeant's Office . . . so that a higher official can assess the situation"; Mitchell walks out of the Sergeant's Office; Bateholts tells plaintiff to submit to cuffs; Mitchell asks, "what's going on?"; Bateholts tries to grab plaintiff's right arm from behind; "Mitchell gets between Bateholts and [plaintiff] and tells Bateholts to 'stand down' because Mitchell has the situation under control"; Bateholts "ignores the order, attempts to cuff [plaintiff],

but the cuffs get stuck in the 'c-shape'"; Bateholts repeatedly hits plaintiff's hand with the cuffs that are not closing and then knees plaintiff in the back of his right leg; and plaintiff is pushed into the Sergeant's Office, causing him to stumble forward and fall into the desk. Id. at ¶¶1–15. As a result, plaintiff suffered injuries – including tendonitis, hand numbness, bulging discs in his neck and back, and pinched nerves – that required multiple hospital visits, living accommodations, and a prospective surgery. Id. at ¶¶16–17. For relief, plaintiff seeks monetary damages. Id. at 8.

On June 13, 2023, the court allowed the action to proceed. See Order [D.E. 10].

Pursuant to the court's Standing Order 21-SO-11, plaintiff accepted the appointment of North Carolina Prisoner Legal Services, Inc. ("NCPLS") to assist with discovery [D.E. 12, 14, 15].

On October 9, 2023, Mitchell filed the instant motion to dismiss the complaint for failure to state a claim, Mot. [D.E. 17], together with a memorandum in support, Def.'s Mem. [D.E. 18].

Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court sent plaintiff a "Rule 12" letter notifying him about the motion to dismiss, the consequences of failing to respond, and the response deadline. [D.E. 19].

On October 16, 2023, Bateholts answered the complaint. Answer [D.E. 21].

On October 19, 2023, plaintiff moved for an extension of time to file a response to Mitchell's motion to dismiss, Mot. [D.E. 22], and the court granted in part the motion, allowing plaintiff until November 17, 2023, to file his response, see Order [D.E. 23].

On November 3, 2023, plaintiff timely filed his response. Pl.'s Resp. [D.E. 25].

On January 24, 2024, Bateholts filed the instant motion to deem requests for admission admitted, Mot. [D.E. 26], with a memorandum in support, Def.'s Mem. [D.E. 27] (arguing plaintiff did not serve written answers or objections to Bateholts' Requests for Admission to Plaintiff).

Mitchell's motion to dismiss:

A) Arguments:

As to defendant Mitchell, plaintiff argues: "where Mitchell provided inadequate control of his subordinate, he has shown himself deliberately indifferent to an obvious risk to [plaintiff's] health and safety" in violation of the Eighth Amendment; Mitchell's "actions were negligent of the requisite standard of care [sic]"; Mitchell's "actions show intentional failure to provide the requisite care, revealing gross negligence through rights and safety disregard [sic]"; and "Defendants have violated State Tort Laws through these various forms of negligence as well as Article 1, Section 27 of the North Carolina Constitution [sic]." Compl. [D.E. 1] at ¶¶23–26.

In support of his motion to dismiss, Mitchell argues, *inter alia*, that the Eleventh Amendment bars plaintiff's official capacity claim and that plaintiff otherwise fails to state a claim upon which relief may be granted as to Mitchell. See generally Def.'s Mem. [D.E. 18].

In his response, plaintiff essentially reiterates the allegations in his complaint. See Pl.'s Resp. [D.E. 25] at 2–3. Plaintiff also contends, "there is no doubt that [ ] Bateholts damaged and injured the plaintiff and should be held liable for his unconstitutional action and practice." Id. at 3. Plaintiff "objects" to Mitchell's representation by the North Carolina Attorney General's Office, requests a hearing to "rebut[ ] any of the allegations that may be made by the defendants or counsels for the defendants [sic]," and asserts that defendants are not entitled to immunity. Id.

B) Legal Standard:

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190

3

(4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). The court considers the pleadings and any materials "attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011); see Fed. R. Civ. P. 10(c); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005).

To withstand a Rule 12(b)(6) motion to dismiss, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted). The court need neither accept a complaint's legal conclusions drawn from the facts, see id. at 679, nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted). The court, nevertheless, presumes as true the factual allegations in the complaint and construes these allegations in the light most favorable to the non-moving party. Albright v. Oliver, 510 U.S. 266, 268 (1994); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Although the court liberally construes *pro se* filings, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), all complaints must contain "more than labels and conclusions," Twombly, 550 U.S. at 555.

C) Discussion:

As an initial matter, plaintiff's claims against Mitchell in his official capacity are barred by the Eleventh Amendment unless the state has waived immunity, but North Carolina has not so waived. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 66, 71 (1989).

Next, as to plaintiff's claims against Mitchell in his individual capacity, "[i]n order to make out a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison

4

conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quotation omitted). The first prong requires that "the deprivation of [a] basic human need was objectively sufficiently serious." Id. (quotation and emphasis omitted). The second prong requires a showing that "the officials acted with a sufficiently culpable state of mind." Id. (quotation and emphasis omitted); see Farmer v. Brennan, 511 U.S. 825, 835 (1994) ("[D]eliberate indifference entails something more than mere negligence [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.").

Viewing the factual allegations in the light most favorable to plaintiff, plaintiff nevertheless fails to plausibly allege that Mitchell acted with the requisite culpable state of mind, and Mitchell's purported negligence also is insufficient to state a viable deliberate indifference claim. See Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level"); Farmer, 511 U.S. at 844 ("[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted."); De'lonta v. Johnson, 708 F.3d 520, 525 (4th Cir. 2013) (requiring an inmate to plausibly allege both "(1) that the deprivation of a basic human need was objectively sufficiently serious, and (2) that subjectively the officials acted with a sufficiently culpable state of mind." (quotation and alterations omitted)); Strickler, 989 F.2d at 1379; see also Kingsley v. Hendrickson, 576 U.S. 389, 396 (2015) (noting "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process" (citation, internal quotation marks, and alteration omitted)); Daniels v. Williams, 474 U.S. 327, 330–31 (1986); Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999)

5

("Deliberate indifference is a very high standard–a showing of mere negligence will not meet it."); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985) (requiring a § 1983 plaintiff to "affirmatively show[ ] that the official charged acted personally in the deprivation of the plaintiff's rights," but finding mere knowledge of such a deprivation does not suffice (internal quotation marks omitted)).

Contra plaintiff's claim that Mitchell was deliberately indifferent by failing to adequately control his subordinate, the doctrine of *respondeat superior* generally does not apply to a § 1983 action. Iqbal, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."); see King v. Riley, 76 F.4th 259, 269 (4th Cir. 2023) ("[A] supervisor's 'mere knowledge' that his subordinates are engaged in unconstitutional conduct is not enough." (citation omitted)). Further, on the facts alleged, plaintiff fails to state a viable supervisory liability claim as to Mitchell under the governing standard. See Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (requiring, *inter alia*, the subordinate conduct is "pervasive"); Slakan v. Porter, 737 F.2d 368, 373 (4th Cir. 1984).

Finally, because plaintiff's complaint cannot be cured by amendment, dismissal is appropriate, see Goode v. Cent. Virginia Legal Aid Soc'y, Inc., 807 F.3d 619, 628 (4th Cir. 2015), and, because plaintiff's federal claims against Mitchell are dismissed, the court declines to exercise supplemental jurisdiction over any lingering state constitutional or tort-law claims as to Mitchell, see 28 U.S.C. § 1367(c)(3) (granting courts discretion to decline supplemental jurisdiction over a pendent State claim where the court has dismissed all claims over which it has original jurisdiction); Artis v. D.C., 583 U.S. 71, 74 (2018) ("When district courts dismiss all claims independently qualifying for the exercise of federal jurisdiction, they ordinarily dismiss as well all related state claims."); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) (noting

"pendent jurisdiction is a doctrine of jurisdictional discretion" and that, "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well"); Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 617 (4th Cir. 2001) (holding the district court possesses "inherent power to dismiss the case . . . provided the conditions set forth in § 1367(c) for declining to exercise supplemental jurisdiction have been met").

Bateholts' motion to deem requests for admission admitted:

The court has not yet entered an order setting a period for discovery, see E.D.N.C. Local Civil Rule 26.1(b), and as noted above, plaintiff has accepted the appointment of NCPLS to assist with discovery pursuant to the court's Standing Order 21-SO-11, see [D.E. 12, 14, 15].

Accordingly, the court DENIES AS PREMATURE Bateholts' motion to deem requests for admission admitted [D.E. 26]. Once the court enters an order setting a period for discovery, Bateholts should serve his discovery requests on NCPLS.

Conclusion:

For the above reasons, the court: GRANTS Mitchell's motion to dismiss [D.E. 17], DISMISSES plaintiff's federal claims against Mitchell for failure to state a claim, and DECLINES to exercise supplemental jurisdiction over any lingering state-law claims as to Mitchell; and DENIES AS PREMATURE Bateholts' motion to deem requests for admission admitted [D.E. 26].

The court further REFERS the action to United States Magistrate Judge Robert B. Jones, Jr. for entry of a scheduling order to include a period for discovery.

SO ORDERED this 2 day of February, 2024.

RICHARD E. MYERS II
Chief United States District Judge